## THE STATE v. LEWIS.

1. Although the words of the road act direct surveyors to be appointed by the Common Pleas, on " due proof being made that the advertisements have been set up according to law," an order which, reciting that "the court, being satisfied that due and legal notice of this application has been given," appoints surveyors, sufficiently shows that proof has been given. It will be intended that the court was not satisfied without legal proof.

2. When general powers over a whole subject matter are conferred by statute on courts of general jurisdiction, although their jurisdiction over the subject matter must appear on the face of their proceedings, every intendment will be made in favor of the correctness of their proceedings.

This was on writ of error to the Supreme Court, removing an order affirming the appointment of surveyors of the highways by the Court of Common Pleas of Monmouth county, for the purpose of laying out a public highway.

By the papers, it appeared that a proper and regular affidavit of putting up notices of the application, as required by the statute, had been made and exhibited to the Court of Common Pleas at the time of their appointment. But in the order of the Common Pleas appointing the surveyors, the recital was, "the court being satisfied that due and legal notice of this application has been given," without reciting, in the words of the statute, "on due proof being made that the advertisements had been put up according to law."

*Vredenburgh*, for plaintiff in error, contended that the Court of Common Pleas, in road proceedings, was a special and limited jurisdiction; their powers were conferred by statute, and were distinct from, and independent of their common law jurisdiction ; that, like all special jurisdictions, their proceedings, in each case, must show *on their face* that the requisites to give them jurisdiction of the case have been complied with : the notices are clearly such prerequisite, and the Court of Common Pleas *being satisfied* that they were put up, is essentially different from *due proof* being made. *Griff. Tr.* 329, 369, 477 ; 3 *Green* 58, *State* v. *Shreve ; Spencer* 478 ; *Rev. Stat.* 646, 605, and 106, § 15 ; *Pat. Laws* 387 ; *Bloomfield's Laws* 239.

*Vroom*, contra, cited 4 *Halst.* 17, *State* v. *Scott ;* 5 *Cranch* 180, *Kemp's lessee* v. *Kennedy.*

RANDOLPH, J.   The only ground relied on for the reversal of the order is, that "it does not appear upon the face of the order of the Court of Common Pleas, appointing the surveyors, that due proof was made before them that legal notice of the application for the appointment of surveyors was given by the applicants :" the order states that the "court, being satisfied that due and legal notice of this application has been given," do nominate and appoint, &c. ; and the second section of the road act, *Rev. Stat.* 515, requires the court to appoint six surveyors, when applied to, "on due proof being made that the advertisements have been set up according to law," on which the judgment of the court is conclusive.   By the affidavit accompanying the papers, which was that made before the Common Pleas to obtain the order, it appears that due proof was made before the order was obtained, so that if we reverse, it must be not for error in fact, but in the form of the order ; and the ground taken is, that this is the exercise of a special power under the statute ; and the ground or fact upon which its legal exercise depends must appear upon the face of the proceedings themselves, as in the proceedings of the surveyors under this same act, in whose return it must appear that proof of publication had been made of their meeting.   *State* v. *Scott*, 4 *Halst.* 17.   And so in the allowing an order for bail under the statute, the officer must have legal and requisite proof before him, (*Hill* v. *Hunt*, Spencer 476); though if it should appear in the other part of the proceedings, but not in the return or order itself, that the legal and requisite proof was given at the time, I am not aware of any case which sets aside the proceedings for that cause.   In the *State* v. *Shreve*, 3 *Green* 57, the court set aside the order of the Common Pleas, because, as the opinion states, it "was made without any proof."   It is true the learned judge, in giving his opinion, intimates that there could be no presumption in favor of the order ; that due proof had been received by the court below upon the principle of the case referred to in 2 *Salk.* 522 ; that "if a *particular*

jurisdiction does not *show* the matter to be within its authority, it must be taken to be without it, thereby taking for granted that the Court of Common Pleas was a court of particular jurisdiction; whereas the same learned judge, in a case which arose some time afterwards (*Den* v. *Hammel*, 3 *Harr*. 78, 81,) insists, with much force, that the Orphans' Court is not a court of special, but of general jurisdiction, though limited in extent. The distinction is between the exercise of a special authority, delegated by statute to particular persons or special and limited tribunals, or where a general statute authorizes or directs the courts of general jurisdiction to grant orders or to proceed in the premises. In the former, the preliminaries which give them power to act must appear on the face of the proceedings themselves, while in the latter, courts will presume that such preliminary proceedings were had, till the contrary appears. In *Rex* v. *Croke*, *Cowp*. 29, Lord Mansfield states the rule thus: "This is a special authority, delegated by act of parliament to *particular persons*, therefore it must be strictly presumed, and must appear to be so, upon the *face* of the order." 7 *Com. Dig. Poiar D. a.* And in *Kemp's lessee* v. *Kennedy et al.*, 5 *Cranch* 173, Marshall, C. J., takes the same distinction, and decides that the Court of Common Pleas of Hunterdon county, in this state, was a court of general jurisdiction, and their proceedings in a matter of forfeiture for treason, though erroneous, were not void. The form of the order in this case seems to be in accordance with the practice of the Supreme Court, and although there is a slight difference in the phraseology of the second section, applying to the Courts of Common Pleas, and the third section, which applies only to the Supreme Court, yet in the fourth section, which relates only to private roads, and applies to both courts, the language of the third section is adopted, leaving out *upon due proof* of notice, &c. This merely goes to show that the variance is not to be considered material, and that when the court below sets forth, in their order, that it was granted, upon being satisfied that due and legal notice had been given, we are to presume, alike in both cases, that such satisfaction arose from due proof before them. Affirm the judgment.

*For affirmance*—Justice RANDOLPH, Judges PORTER, SPEN-
CER, SCHENCK, and McCARTER—5.

*For reversal*—None.

The CHANCELLOR, doubting, expressed no opinion.

CITED *in Stout* v. *Freeholders of Hopewell*, 1 *Dutch.* 205; *State* v. *Lord*, 2 *Dutch.* 142; *State* v. *Atkinson*, 3 *Dutch.* 422; *State* v. *Trenton* 7 *Vr.* 200